IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL PORTUGAL,

      Petitioner,                No. CIV S-09-1409 DAD P

   vs.

M.D. McDONALD,

      Respondent.           ORDER

_____/

      Petitioner is a state prisoner proceeding pro se. Petitioner has filed a form habeas petition with several supplemental pages in which he asserts that he is seeking relief pursuant to 28 U.S.C. § 2254. In addition, petitioner states that he seeks to invoke the court's supplemental jurisdiction over his state law claims. Petitioner has not filed the filing fee or an application requesting leave to proceed in forma pauperis. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

      Although petitioner has filed a habeas action, it is clear that he is not challenging the fact or duration of his custody. Instead, petitioner complains in the documents filed with the court about the confiscation of his compact disc player, headphones, slippers and extension cord by prison authorities. Petitioner also seeks to challenge the directive by prison officials that he mail his personal property home and that if he fails to do so it will be disposed of. Petitioner also

disputes the finding by prison officials that some of his personal items were altered or did not meet the size restriction for personal property at the institution of his confinement. Petitioner claims that, as a result, he has suffered violation of the Eighth Amendment's cruel and unusual punishment clause, the Fourteenth Amendment's due process clause, and the equal protection clause. The court has determined that because of the nature of petitioner's claims, this action will be construed as a civil rights action pursuant to 42 U.S.C. § 1983, rather than a habeas action.

In order to proceed with a civil rights action in this court, petitioner is required to pay the $350.00 filing fee or an application requesting leave to proceed in forma. See 28 U.S.C. §§ 1914(a), 1915(a). Petitioner will be provided the opportunity either to submit the appropriate affidavit in support of a request to proceed in forma pauperis or to submit the appropriate filing fee.

The court is also required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

/////

1    The court finds that the present pleading fails to state cognizable claims for relief
2    under 42 U.S.C. § 1983.  The Eighth Amendment does not provide a prisoner with the right to
3    possess non-essential personal property while incarcerated.  See Whitley v. Albers, 475 U.S. 312,
4    319 (1986) ("Not every governmental action affecting the interests or well-being of a prisoner is
5    subject to Eighth Amendment scrutiny, however.").  It is "unnecessary and wanton infliction of
6    pain" that constitutes cruel and unusual punishment forbidden by the Eighth Amendment.  Id.;
7    see also Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06
8    (1976).

9    Petitioner's Fourteenth Amendment claim alleging that prison regulations were
10   violated, also lacks merit.  The United States Supreme Court has held that state regulations give
11   rise to a liberty interest protected by the Due Process Clause of the federal constitution only
12   where the regulations pertain to "freedom from restraint" that "imposes atypical and significant
13   hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515
14   U.S. 472, 484 (1995).  Here, petitioner's allegations do not pertain to freedom from restraint and
15   do not impose atypical and significant hardship on petitioner.

16   Finally, as to petitioner's claim that his rights under the equal protection clause
17   were violated, there are no allegations which demonstrate that petitioner was treated differently
18   than other inmates because of his race or national origin, and that defendants had a
19   discriminatory intent.  See Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).

20   Therefore, if petitioner intends to proceed with this action, he must pay the filing
21   fee or file an in forma pauperis application, and he must file an amended complaint which
22   clarifies and alleges sufficient facts to state a cognizable claim for relief.  The amended
23   complaint must demonstrate how the conditions complained of resulted in a deprivation of
24   petitioner's federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir.
25   1980).  The amended complaint must allege in specific terms how each named defendant was
26   involved in the deprivation of petitioner's rights.  There can be no liability under 42 U.S.C.

3

1  § 1983 unless there is some affirmative link or connection between a defendant's actions and the
2  claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167
3  (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory
4  allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of
5  Regents, 673 F.2d 266, 268 (9th Cir. 1982).

6  Petitioner is informed that the court cannot refer to a prior pleading in order to
7  make the amended complaint complete. Local Rule 15-220 requires that an amended complaint
8  be complete in itself without reference to any prior pleading. This is because, as a general rule,
9  an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57
10 (9th Cir. 1967). Once an amended complaint is filed, the original pleading no longer serves any
11 function in the case. Therefore, in an amended complaint, as in an original complaint, each claim
12 and the involvement of each defendant must be sufficiently alleged.

13  Accordingly, IT IS HEREBY ORDERED that:

14  1. Petitioner shall submit, within thirty days from the date of this order, an
15 affidavit in support of his request to proceed in forma pauperis on the form provided by the Clerk
16 of Court, or the $350.00 filing fee;

17  2. The May 21, 2009 petition for writ of habeas corpus (Doc. No. 1), construed as
18 a civil rights complaint, is dismissed;

19  3. Within thirty days from the date of this order, petitioner shall file an amended
20 complaint; the amended complaint must comply with the requirements of the Civil Rights Act,
21 the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint
22 must bear the docket number assigned to this case and must be labeled "Amended Complaint;"
23 the amended complaint must allege in specific terms how each named defendant was involved in
24 the deprivation of petitioner's rights;

25 /////
26 /////

    4.  Alternatively, within thirty days from the date of this order, petitioner may request the voluntary dismissal of this action without prejudice[1];

    5.  Petitioner's failure to comply with this order will result in a recommendation that this action be dismissed without prejudice; and

    6.  The Clerk of the Court is directed to change the court's docket to reflect that this is a § 1983 civil rights action, and to provide petitioner with an Application to Proceed In Forma Pauperis By a Prisoner and the form § 1983 complaint.

DATED: December 1, 2009.

                 _____
                  DALE A. DROZD
                  UNITED STATES MAGISTRATE JUDGE

DAD:4
port1409.ifplta

---

[1] Petitioner is advised that pursuant to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action in federal court in forma pauperis "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."